FILED
July 06, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004326121

# RELIEF FROM STAY SUMMARY SHEET
\* \* \*   INSTRUCTIONS ON FORM EDC 3-468-INST   \* \* \*
*COMPLETE ALL PORTIONS APPLICABLE TO THE RELIEF FROM STAY MOTION.*
THIS IS IN THE NATURE OF A PRETRIAL STATEMENT AND IS <u>NOT</u> EVIDENCE.

**DEBTOR:** TIMOTHY JAMES DOLAN and ALLISON MARIE DOLAN    **CASE NO.** 11-63718

**MOVANT:** B. WAYNE HUGHES, JR. and MARIPOSA DE ORO, LLC    **DC NO.** JWD-1

**HEARING DATE/TIME:** August 8, 2012 @ 10:00 a.m.

**RELIEF IS SOUGHT AS TO:**

( ) REAL PROPERTY    Assessor Parcel Number (APN): _____

( ) PERSONAL PROPERTY    If applicable, Vehicle Identification Number (VIN): _____

(✔) STATE COURT LITIGATION

1. Address OR description of property or state court action: Fraud Action to (1) liquidate claim against the Estate and (2) to obtain a determination as to whether the Debtor obtained money from Movants through false pretenses, false representation and/or actual fraud, embezzlement and/or larceny

2. Movant's trust deed is a ( ) 1st ( ) 2nd ( ) 3rd ( ) Other: N/A
   OR
   Leased property is ( ) Residential ( ) Non-residential   Term: ( ) Month-to-Month ( ) Other

3. Verified appraisal filed? _____    Movant's valuation of property: $_____

4. The following amounts are presently owing to movant for:

   **PRINCIPAL**    **INTEREST**    **COSTS**    **TOTAL**

   $_____    $_____    $_____    $_____

5. State identity, rank, and balance owing to other known lien holders. Use additional page(s) if necessary.

   _____    $_____
   _____    $_____
   _____    $_____

   TOTAL ALL LIENS    $_____
   DEBTOR'S EQUITY    $_____

6. Monthly payment is $_____, of which $_____ is for impound account. Monthly late charge is $_____.
7. The last payment by debtor was received on _____ and was applied to the payment due _____.
8. Number of payments past due and amount: (a) Pre-petition _____ $_____ (b) Post-petition _____ $_____.
9. Notice of Default was recorded on _____. Notice of sale was published on _____.
10. If a chapter 13 case, in what class is this claim? _____
11. Grounds for seeking relief (check as applicable):

    (✔) § 362(d)(1)    ( ) § 362(d)(2)    ( ) § 362(d)(3)    ( ) § 362(d)(4)

    ( ) Cause    ( ) Inadequate protection    ( ) Lack of equity    ( ) Lack of insurance    ( ) Bad faith

    ( ) Surrendered pursuant to Statement of Intention.    ( ) Report of No Distribution has been filed.

    ( ) Other _____.

12. For each ground checked in item 11, furnish a brief supporting statement below. Use additional page(s) if necessary.

    See Attachment 12 hereto.

EDC 3-468 (Rev. 11/10)

In re:                                                                      Chapter 7 Case No. 11-63718
Timothy James Dolan and Allison Marie Dolan, Debtors.

## Attachment 12 to Relief From Stay Summary Sheet

**12. For each ground checked in item, 11, furnish a brief supporting statement below.**

11 U.S.C § 362(d)(1) provides that the Bankruptcy Court <u>shall</u> grant relief from the stay for cause.

Although the Bankruptcy Code does not provide a definition of "cause," courts in the Ninth Circuit have granted relief from stay to permit pending litigation to be concluded in a non-bankruptcy forum, such as a state court.

In the present case, at least nine of the twelve factors adopted by the Ninth Circuit militate toward the Court granting relief from stay to proceed with the pending State Court Fraud Action against the Debtors:

(1) Prosecution of the State Court Fraud Action will have no adverse affect on the efficient administration of the estate if the Court recommends abstention;

(2) There are only state law issues to be determined in the State Court Fraud Action;

(3) The State Court Fraud Action is a pending related proceeding already commenced in the state court;

(4) There is no jurisdictional basis, other than 28 U.S.C. § 1334, for the claims against the Debtors sought to be determined in the state court;

(5) The degree of relatedness or remoteness of the State Court Fraud Action to the main bankruptcy case favors Movants;

(6) The substance of Movants' claims are all under state law rather than the form of an asserted "core" proceeding;

(7) Feasibility of severing the Movants' state law claim from core bankruptcy matters will allow a judgment to be entered in the state court with enforcement left to the bankruptcy court, the forum for determining nondischargeability;

(8) Prosecution of a fact intensive fraud case in the state court will ease the burden of the bankruptcy court's docket; and

(9) The Debtors and Movants shall be afforded the right to a jury trial in the state court.[1]

---

[1] Movants do not know whether the additional ground of "forum shopping" by the Debtors provides a tenth ground for permitting the State Court Fraud Action to proceed.