```
4
```
TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
575 East Alluvial, Suite 103A
Fresno, California 93720
Telephone:  (559) 242-5577
Facsimile:  (559) 513-8148

Attorney for RANDELL PARKER
Chapter 7 Trustee


**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| In the Matter of | ) Case No. 11-63718-A-7 |
|---|---|
|  | ) Chapter 7 |
| TIMOTHY JAMES DOLAN and | ) |
| ALLISON MARIE DOLAN, | ) TGM-7 |
|  | ) |
|  | ) Date:  April 22, 2014 |
| Debtor(s). | ) Time:  1:00 p.m. |
|  | ) Dept.: A, 510 19th St., |
|  | ) Bakersfield, Ca |
|  | ) Honorable Fredrick E. Clement |

**MOTION TO SELL REAL PROPERTY**

Randell Parker, Chapter 7 Trustee of the above-referenced bankruptcy estate ("Trustee") of TIMOTHY JAMES DOLAN and ALLISON MARIE DOLAN ("Debtors"), brings this Motion to Sell Personal Property and respectfully represents as follows:

1.  Debtors filed a Chapter 13 petition on December 23, 2011 and converted to a Chapter 7 on April 2, 2012.

2.  On April 2, 2012, an order was entered appointing RANDELL PARKER, Chapter 7 Trustee.

3.  This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a).  This is a core proceeding under 28 U.S.C.

1

§157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) by virtue of the pendency of this case before the Court.

4. Among the assets of this bankruptcy estate is real property consisting of a residential lot located at 9995 Bluegill Drive, Paso Robles, California, more particularly described on the Preliminary Title Report, filed concurrently herewith and incorporated herein by reference as **Exhibit 1.**

5. Trustee sought authorization to employ RE/Max Magic, 110 New Stine Road, Bakersfield, CA, as broker, which authorization was approved on July 8, 2013 (Docket No. 190).

6. Trustee has received and accepted an offer, subject to higher and better bid at the hearing, from Stephen & Suzan Soruton to purchase the bankruptcy estate's interest in the Real Property for $50,000.00. A true and correct copy of the Purchase Agreement between Buyers and Trustee is filed concurrently herewith and incorporated herein by reference as **Exhibit 2.** Buyers have made a $1,000.00 deposit which is non refundable if Buyers fail to perform.

7. The purchase price agreed upon with the Buyers is the highest and best offer received by the Trustee to date. The trustee believes the offer is reasonable.

8. According to the Preliminary Title Report (Exhibit 1) there are past due taxes in the amount of $2,306.31, an encumbrance in favor of the Homeowners Association in the amount of $1,336.58, and no other encumbrances.

9. Although these encumbrances are post petition, Trustee requests authority to pay them as any costs to litigate these claims and the delay involved do not warrant attempts to avoid these liens.

10. Broker's commission is 6%. In the event a higher bidder bid prevails at the hearing, then this commission will be evenly divided between Buyer's and Seller's brokers.

11. The net to the estate will be approximately as follows:

```
$50,000.00      Sales Price
 (3,000.00)     Broker Commission
 (1,000.00)     Cost of Sale
 (1,854.01)     Real Property Taxes
   (452.30)     Personal Property Taxes
 (1,336.58)     Homeowner's Assoc. lien
$42,357.11      Net to the bankruptcy estate
```

12. Trustee requests that the net proceeds be turned over to him after payment of the commission, costs of sale, property taxes and HOA lien.

13. Trustee has determined that there will be no adverse tax consequences.

14. Trustee believes that it is in the best interest of the estate and creditors to sell the property to Buyers on the terms stated in the Purchase Contract. Trustee does not believe he can receive a better price if the property stays on the market for a longer period of time.

15. Because the actual payoffs of the liens may vary up or down, the net to the estate may vary.

16. This offer is subject to higher and better bids received on or before the date of the hearing. All bids must have no contingencies. Potential bidders must bring certified funds in the amount of $1,000.00 payable to Randell Parker, Ch. 7 Trustee of the Dolan Bankruptcy Estate, to be negotiated only if that bid is the highest bid. The initial overbid must be $51,000.00 and further bids must be in not less than $1,000.00 increments. Potential bidders must also bring evidence of the availability of funds to pay the

1  total purchase price of their bid.  The balance of the funds must be
2  paid no later than 7 days after the entry of the Order approving the
3  sale.
4      17.   Trustee also requests that he be authorized to sign any and
5  all documents to effectuate the sale.
6      18.   Trustee also requests that the fourteen day provision of
7  Fed. B. Bankr. P. Rule 6004(h) be waived.
8      WHEREFORE, trustee prays as follows:
9      1.    That the Motion be granted.
10     2.    That Trustee be authorized to sell the Real Property to
11 Stephen & Suzan Soruton ("Buyers") for $50,000.00, on the terms set
12 forth above, subject to higher and better bid at the hearing on the
13 confirmation of the sale.
14     3.    That Trustee be authorized to pay to real estate broker(s)
15 connected with this sale a commission of 6% of the gross sale amount
16 to be split equally between buyer's broker and seller's broker if the
17 ultimate buyer is represented by a broker.
18     4.    That the net sales proceeds after payment of property
19 taxes, HOA lien, broker's commission and costs of sale be paid to the
20 Trustee and maintained in a Trustee account pending further order of
21 the Court;
22     5.    That the Trustee be authorized to sign all documents
23 necessary to effectuate the sale pursuant to the above mentioned
24 terms;
25     6.    That the fourteen day provision of Fed.B.Bankr.P. Rule
26 6004(h) be waived; and
27     7.    For such other and further relief as is just and proper.
28 Dated: 3-9-14                    /s/ Trudi G. Manfredo
                                    TRUDI G. MANFREDO,
                                    Attorney for Chapter 7 Trustee